IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-00006-BO

LARA H. CAIN,

              Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

              Defendant.

**ORDER**

      This matter is before the Court on the parties' cross-motions for judgment on the pleadings [D.E. 25, 27]. For the reasons detailed below, defendant's motion is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED.

## **BACKGROUND**

      Plaintiff filed applications for disability insurance benefits and supplemental security income on August 26, 2011, alleging a disability beginning on April 16, 2010. The claims were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge ("ALJ") on July 24, 2013. In a decision dated August 16, 2013, the ALJ found that plaintiff was not disabled. Tr. 14–26. The Appeals Council denied plaintiff's request for review on November 3, 2014, rendering the ALJ's decision the final decision of the Commissioner. *Id.* at 1–6. Plaintiff commenced this action and filed a complaint pursuant to 42 U.S.C. 405(g) on January 9, 2015. [D.E. 6].

## MEDICAL HISTORY

Plaintiff was injured in a fall at work in 2011. Since falling, she has alleged back pain, neck pain, and leg pain. She testified that she has to elevate her feet throughout the day to relieve pain, that she is limited in performing household chores, and that she cannot stand for more than 15 minutes or sit for more than 10 minutes. Doctors have assessed cervical/lumbar strain and prescribed medications. Although treatment noted reflect some tenderness, they also show generally normal exam findings, including normal gait, full range of motion, and full strength. No provider has recommended surgery.

Plaintiff also has diabetes, having been diagnosed over ten years ago. While she experienced elevated or uncontrolled blood sugars, she reported improvement with medication and diet compliance. Plaintiff has also undergone treatment for Graves' disease. She also has hyperthyroidism which, for a period, became hypothyroidism. However, with medication adjustments, her thyroid levels normalized and she is relatively asymptomatic. Finally, plaintiff has alleged depression and anxiety, but her mental health treatment has ben characterized as recent, sporadic and inconsistent.

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed.

*Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

After finding that the plaintiff had not engaged in any substantial gainful activity since her alleged onset date at step one, the ALJ determined that plaintiff's conditions of cervical/lumbar strain, diabetes mellitus, and hypertension[1] were severe impairments at step two. Tr. at 16. The ALJ then found that plaintiff did not have an impairment or combination of

---

[1] The ALJ lists hypertension as a severe impairment but then discusses that this has been assessed a non-severe condition. Tr. at 16–17. Based on subsequent language in the decision, it may be that the ALJ meant that plaintiff's hyperthyroidism or thyroid disorder, not hypertension, was a severe impairment. *Id.* at 19, 22, 25.

3

impairments that met or equaled a listing at step three. *Id.* at 19. The ALJ determined that the plaintiff had an RFC to perform a full range of sedentary work. *Id.* At step four, the ALJ found that plaintiff was able to perform her past relevant work as a secretary. *Id.* at 25. Based on an RFC for a full range of sedentary work, the ALJ concluded that a finding of "not disabled" was directed by Medical-Vocational Guidelines ("Grid Rule") 201.28. *Id.* at 26. Thus, the ALJ found that plaintiff was not disabled as of the date of his decision. *Id.*

Here, Plaintiff argues that the ALJ's decision is not supported by substantial evidence. Plaintiff maintains that the ALJ erred in considering to Dr. William Link's opinion. The ALJ gave great weight to Dr. Link's assessment that plaintiff does not have any cognitive or psychological issues. Plaintiff argues that Dr. Link deferred diagnosis because there was insufficient evidence. She contends that Dr. Link did, in fact, diagnose a mental disorder but that he was unsure what the diagnosis was. The defendant argues that Dr. Link did not diagnose a mental disorder.

In his assessment, Dr. Link noted that plaintiff could recall four out of five objects after five minutes, that she showed the ability to understand, retain and carry out simple instructions, although she struggled a bit to maintain focus on simple, repetitive tasks, and he noted that she had never been treated by a psychiatrist. Tr. at 420–23. He opined that the primary reason she would not be able to work would be related to her medical condition, not cognitive or psychological issues. The ALJ gave great weight to Dr. Link's opinion, finding that it was supported by plaintiff's relatively normal mental status exams and Dr. Link's expertise in the field of psychology. *Id.* at 23. Although she takes issue with the fact that the ALJ stated that Dr. Link did not diagnose a mental disorder, his treatment notes support this finding. While she may

4

seek to argue that there was a lack of evidence upon which to base a diagnosis, the fact remains that, regardless of the reasons, Dr. Link did not diagnose a mental disorder.

Plaintiff also takes exception with the ALJ's consideration of Dr. Link's assigned Global Assessment of Functioning ("GAF") score of 60. A GAF score of 51–60 indicates "moderate symptoms . . . or moderate difficulty in social, occupational, or school functioning[.]" The ALJ noted that a GAF score of 60 is just one point away from a GAF score in the range of 61–70, which suggests "some mild symptoms . . . or some difficulty in social, occupational, or school functioning . . . but generally functioning pretty well, has some meaningful interpersonal relationships."

Plaintiff's point is well-taken. In evaluating Dr. Link's GAF score, the ALJ should have discussed it for the range of functioning it fell into, not the range it approached. Nevertheless, his discussion of the GAF score was one of several factors upon which he assessed the evidence, plaintiff's level of functioning, and her ability to perform work activity. Moreover, GAF scores are merely a "snapshot of functioning at any given moment." *Powell v. Astrue*, 927 F. Supp. 2d 267, 273 (W.D.N.C. 2013) (citation omitted). As such, they may not be 'indicative of [a claimant's] long term level of functioning." *Parker v. Astrue*, 664 F. Supp. 2d 544, 557 (D.S.C. 2009)). Given that GAF scores carry questionable probative value, to the extent the ALJ erred by discussing a higher range of functioning than her GAF score suggested is harmless.

Plaintiff next asserts that the ALJ's decision is internally inconsistent. The ALJ lists hypertension as a severe impairment, but then discusses that this condition that it has been assessed a non-severe condition. Tr. at 16–17. However, this appears to be a typographical error. At step two, the ALJ discussed plaintiff's normal blood pressure readings, normal x-rays, her lack of cardiac abnormalities and her lack of significant treatment for hypertensive-related

5

conditions. *Id.* Based on this evidence, the ALJ concluded that this condition posed no more than a minimal effect on her ability to perform work activities. *Id.* at 17. He therefore concluded that her hypertension was a non-severe condition. Based on subsequent language in the decision, it appears that the ALJ intended to state that plaintiff's hyperthyroidism or thyroid disorder, not hypertension, was a severe impairment. *Id.* at 19, 22, 25. As the ALJ thoroughly discussed both of these conditions, the inadvertent error in listing hypertension as a severe impairment amounts to harmless error.

Plaintiff also challenges the ALJ's consideration of the opinions of her treating endocrinologist, Dr. Analyn Torres. Dr. Torres prepared a medical source statement opining that plaintiff had significant limitations with handling and fingering, that she would be off-task more than 25% of the day, and that she would likely miss more than four days of work per month. Dr. Torres also concluded that plaintiff could only stand or walk for two hours per day and could sit for only four hours per day. The ALJ assigned this opinion little weight, concluding that Dr. Torres' postural and manipulative limitations lacked any objective basis. The ALJ further determined that her limitations were not supported by her treatment notes. Although fatigue and lack of attention were noted, records also reflect that plaintiff was consistently observed to be oriented, that she had some facial swelling, which the ALJ found would not preclude work activity, and she had essentially benign physical exams. Additionally, Dr. Link noted there were no cognitive or psychological issues and Dr. Sid Hosseini found that plaintiff had intact cognition. Dr. Torres' assessment is inconsistent with these finding. Thus, even though Dr. Torres was a treating physician, her opinions are not entitled to controlling weight inasmuch as they are inconsistent with other evidence in the record. In sum, there is substantial evidence to support the ALJ's consideration of Dr. Torres' opinion.

6

Case 7:15-cv-00006-BO   Document 29   Filed 03/07/16   Page 6 of 8

Plaintiff next argues that the ALJ erred in failing to conduct a function-by-function assessment as required under SSR 96-8p. Specifically, she asserts that the ALJ's RFC for sedentary work fails to specifically address her ability to sit, stand, or walk and to lift or carry. Plaintiff testified that she can stand for 15 minutes, sit for 10 minutes, and lift no more than five to eight pounds.

Social Security Ruling 96–8p provides that an "RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." SSR 96–8p, 61 Fed. Reg. 34474, 34476 (1996). However, there is no requirement that the RFC finding contain an exhaustive discussion of each individual function considered by the ALJ. Indeed, the Fourth Circuit has declined to adopt a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir 2015). Remand is futile "where the ALJ does not discuss functions that are irrelevant or uncontested." *Id.*

As the ALJ stated, and implicit in a conclusion that a claimant can perform a full range of sedentary work, plaintiff can sit for six hours in an eight hour day, can stand or walk occasionally, and can lift or carry up to 10 pounds. 20 C.F.R. §§ 404.1567, 416.927; Tr. at 19. Despite plaintiff's claimed limitations regarding her abilities to stand/walk and lift/carry, the ALJ found that she was not fully credible. In making that determination, he noted that there was no evidence of a significant back problem, that a cervical/lumbar strain had been assessed but that no surgical intervention was required, and she had been noncompliant with medications and failed to keep appointments. Additionally, treatment records reflect normal gait and full range of motion. Consequently, the evidence discredited plaintiff's allegations of her limited abilities to stand/walk and lift/carry.

7

Finally, plaintiff contends that the ALJ erred in giving little weight to the opinion of state agency psychological consultant, Dr. Ruth Lyman. Dr. Lyman found that plaintiff was limited to simple, routine, repetitive tasks. The ALJ did not adopt this non-exertional limitation, however, finding that her anxiety and depression were non-severe impairments, that her mental health treatment was inconsistent and sporadic, that her therapist closed her case for non-compliance, and there was no mental health disorder diagnosed. Moreover, the ALJ noted that plaintiff's mental status examinations did not support Dr. Lyman's assessments. Although plaintiff had some difficulty in completing serial 3s, more recent mental health treatment records failed to reflect any objective concentration problems and, further, noted intact cognition. The evidence thus supports the ALJ's conclusion that Dr. Lyman's opinion finding plaintiff had concentration deficits was inconsistent with the other evidence of record.

## **CONCLUSION**

For the foregoing reasons, defendant's motion is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED.

SO ORDERED.

This ___4___ day of March, 2016.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8

Case 7:15-cv-00006-BO   Document 29   Filed 03/07/16   Page 8 of 8